IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| SONJA MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08-3435-CV-S-ODS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION
DENYING BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS**

Pending is Plaintiff's request for review of the final decision of the Commissioner of Social Security denying her application for disability insurance and supplemental security income benefits. The Commissioner's decision is reversed, and the case is remanded to the Commissioner for further proceedings.

Plaintiff identified Dr. Troy Barton as her treating physician. With respect to Dr. Barton, the ALJ made the following finding:

> In October 2007, the claimant's alleged treating physician, Troy Barton, D.O., completed [two Medical Source Statements]. However, the claimant has provided no treatment notes of any kind from [D]octor Barton, to show his treatment of the claimant.
>
> * * *
>
> As noted above, the claimant and her attorney provided no treatment notes from Dr. Barton. The above makes it clear that Dr. Barton is more than willing to cooperate with the claimant and her attorney. . . . It is further found regarding the MSS-P [prepared by Dr. Barton] that the objective medical evidence does not support the degree of limitation contained therein.
>
> Dr. Barton's opinions are given insignificant weight. The evidence fails to support a finding that his opinion should be given weight as a treating physician.

R. at 20.  In reality, the Record contained treatment notes from Dr. Barton.  R. at 165-76, 257-67.  Moreover, contrary to his finding, the ALJ was (1) told Dr. Barton was not cooperating and (2) asked to provide some assistance in obtaining records.  R. at 292-93.  The ALJ's intervention apparently worked, as some of the records were submitted after the hearing.  In concluding there were "no records from Dr. Barton," the ALJ appears to have failed to consider the documents submitted after the hearing (as well as those that were present at the time of the hearing).

During the course of his treatment, Dr. Barton referred Plaintiff to Ozark Medical Center - Behavioral Healthcare Center ("OMC-BHC").  Treatment notes from these visits appear in the Record.  R. at 231-42.  During these visits, Plaintiff was seen by, among others, Dr. Arifa Salam.  Dr. Salam prepared a Medical Source Statement that was also discounted by the ALJ because he found Dr. Salam had not seen Plaintiff.  R. at 19.

The ALJ's factual findings are not supported by substantial evidence in the record as a whole.  There is evidence confirming Dr. Barton treated Plaintiff, and contrary to the ALJ's findings the Record includes Dr. Barton's treatment notes.  Thus, the absence of treatment notes cannot be a basis for discounting Dr. Barton's opinions.  Similarly, contrary to the ALJ's findings the Record establishes that Dr. Salam was among those who saw Plaintiff at OMC-BHC, so his proffered reason for discounting her opinions are not supported.

The Commissioner argues there are other reasons to reject Dr. Barton's and Dr. Salam's opinions, and the Commissioner may be correct.  However, when reviewing an agency's decision the Court can only consider the rationale relied upon by the agency.  Banks v. Massanari, 258 F.3d 820, 824 (8th Cir. 2001) (citing Securities & Exchange Comm'n v. Chenery Corp., 318 U.S. 80 (1943)).  On remand the Commissioner may conclude there are other, valid reasons to deny Plaintiff's claim, but the Court cannot consider issues and arguments the Commissioner did not consider and resolve in order to reach that result.

The Court also rejects the Commissioner's invitation to treat the matter as a "deficiency in opinion-writing" that does not require reversal.  Such deficiencies are

excused only if they have no practical effect on the case. E.g., Senne v. Apfel, 198 F.3d 1065, 1067 (8th Cir. 1999). The errors cited above are not mere deficiencies in writing: they are factual findings that are unsupported – and contradicted – by the Record. These improper findings formed the basis for the decision to discount Dr. Barton and Dr. Salam, so they had a practical effect on the case.

On remand, the Commissioner reconsider Plaintiff's applications for benefits. In doing so, the Commissioner shall insure that everything has been done to acquire all of Dr. Barton's records. The Commissioner shall also re-assess the degree of deference due to the opinions of Dr. Barton and Dr. Salam.
IT IS SO ORDERED.


/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: November 20, 2009     UNITED STATES DISTRICT COURT